

December 22, 2020

**VIA ECF**
The Honorable Ronnie Abrams, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re: *United States v. William Baez,* 17-cr-618 (RA)

Dear Judge Abrams:

    I represent William Baez in the above-captioned matter. On November 9, 2020, this Court granted Mr. Baez compassionate release, reducing his sentence to time served, and noting that "Baez shall be placed on supervised release status with home confinement until April 26, 2026, the date on which he was expected to complete his custodial sentence." I write seeking a clarification of the meaning of the term "home confinement" within the Court's order.

    The term "home confinement" within the Court's order is ambiguous, as it could refer to several levels of supervision, from curfew, to detention to home incarceration. *See e.g.*, United States Courts, Services and Forms, Chapter 3: Location Monitoring (Probation and Supervised Release Conditions), available at https://www.uscourts.gov/services-forms/location-monitoring-probation-supervised-release-conditions (describing different methods of implementation of home confinement.) Probation has interpreted the position to mean "home incarceration," the most restrictive term, which would require Mr. Baez to seek approval for permission to the Court for any travel outside of his home except for medical reasons. We seek resolution of the interpretation of the term "home confinement," because it has bearing on two issues – one immediate, and one longer term.

    In the immediate term, Mr. Baez seeks approval to attend his grandmother's funeral on Monday, December 28, 2020 and Tuesday, December 29, 2020. While we apologize to the Court for the time sensitivity of the request, particularly in light of the impending holiday, this was a sudden development that could not be predicted. At the funeral, Mr. Baez would practice social distancing and wear a mask. The funeral will be in a large room with a limit of 10 people permitted in the viewing. This request to the Court is necessary since Mr. Baez is currently being supervised under a term of "home incarceration," where every trip outside the home, besides for medical reasons, must be approved by the Court. Probation and the Government take no position on this request.

    In the longer term, we seek clarification that the term should be interpreted to mean "home detention" and not home incarceration. Home detention is defined as: "You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the officer (Home Detention)." *Id*.

This would require Mr. Baez to be in his home, except as specifically approved by Probation, which would allow for more discretion by Probation and less need for intervention by the Court. On home detention, Mr. Baez would still be subject to GPS monitoring, so his movements would be known at all times.

"Home detention" is a more appropriate condition, because Mr. Baez will be on supervised release for several years. Such a condition would give Probation the discretion and flexibility to gradually permit Mr. Baez to transition back into society. Indeed, if the "home incarceration" provision were to be enforced until 2026, over the longer term, Mr. Baez would be under more restrictive conditions than if he had not been granted compassionate release. If he had been in BOP custody during that timeframe he would be permitted to work, he could seek a request for a furlough, he could get a job placement allowing travel offsite if cleared by the BOP, he would eventually transition to a halfway house, and he would ultimately be placed on home detention and would be encouraged to do things like finding a job. Other Courts granting compassionate release have imposed terms of home detention as opposed to home incarceration as conditions of supervised release. *See e.g., United States v. Trevon Gross*, No. 15 Cr. 769 (AJN), ECF Dkt. 771 (S.D.N.Y. May 7, 2020) (granting compassionate release to supervised release with special condition of home detention for first-time, non-violent offender).

A condition of home detention would also be consistent with the Court's order, as in granting compassionate release, the Court recognized that that Mr. Baez was a non-violent, first-time offender with strong family and community ties and no disciplinary history at the BOP, and there were sentencing disparities between Mr. Baez, who was subject to a 10 year mandatory minimum, and his co-defendants, who were similarly situation and had already been released from prison or placed in residential reentry centers. *See* Dkt. No. 35 at 7. These factors also warrant home detention as opposed to home incarceration.

Of course, Mr. Baez is acutely aware that he has medical conditions which place him at high risk for serious complications if here were exposed to COVID-19. He has every intention of protecting himself through social distancing, proper hygiene, and mask-wearing at any time that Probation would deem it appropriate to permit him to leave the home for as long as COVID-19 is circulating in the community, measures which were impossible him to take to protect himself while in BOP custody. He is deeply grateful for the opportunity this Court gave him to preserve his health at home, and will continue to be thankful for and abide by any conditions the Court deems appropriate.

On Mr. Baez's behalf, counsel simply seeks a condition of home detention to permit Probation to have more flexibility to supervise Mr. Baez in a manner that is more appropriate for longer term supervision, particularly given Mr. Baez's history as a non-violent first-time offender. Probation takes no position on this request to interpret the phrase "home confinement" to mean home detention, and the Government opposes it, believing that home incarceration is appropriate.

Page 2

  In any event, no matter what the Court decides about the meaning of the term "home confinement," we respectfully request that Mr. Baez be permitted to attend his grandmother's funeral on December 28-29, 2020.

  We thank the Court for its consideration of Mr. Baez's motion, and would be happy to address any of the Court's questions or concerns through additional briefing or a Court conference.  Thank you for your consideration.

               Respectfully submitted,

               /s/ Kristen M. Santillo
               Kristen M. Santillo

Mr. Baez's request to attend his grandmother's funeral is granted.  The Court will reserve decision on the appropriate level of home confinement until it receives a response from the Probation Office.

               SO ORDERED.

               _____
               Hon. Ronnie Abrams
               December 23, 2020