

May 20, 2022

**VIA ECF**
The Honorable Ronnie Abrams, U.S.D.J.
Southern District of New York
Thurgood Marshall, United States Courthouse
40 Foley Square
New York, NY 10007

    Re: *United States v. William Baez,* 17-cr-618 (RA)

Dear Judge Abrams:

    I represent William Baez in the above-captioned matter and respectfully submit this letter motion in support of Mr. Baez's request to modify the conditions of his supervised release to remove home detention and location monitoring as special conditions, which will enable him to work a second job to pay off the debts that his family accumulated in connection with his original conviction and during his incarceration.

    **A. Background**

    On April 12, 2019, this Court sentenced Mr. Baez to 120 months imprisonment for two non-violent, but serious drug offenses: conspiracy to distribute and possess with intent to distribute a thousand kilograms or more of marijuana, and conspiracy to distribute and possess with intent to distribute five kilograms and more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). *See* Dkt. No. 278. Mr. Baez served approximately three years of his sentence.

    During his incarceration, Mr. Baez was a truly exemplary inmate. Not only did he have a spotless disciplinary record, but he never stopped striving to better himself and atone for his past crime. Mr. Baez was imprisoned at USP Canaan Camp, a minimum security facility, where he took every class offered to him, including classes on: drug abuse education, faith, horticulture, mock job fair, interview/resume writing, parenting, Spanish, animal/ dog training, accounting, health and wellness, heart health, cholesterol, chronic conditions, painting, and weather. *See* Ex. 30 to Dkt. No. 320. At USP Canaan, he also tutored inmates studying to take the GED, and taught ESL (English as a Second Language) classes. Prior to sentencing, Mr. Baez served approximately 18 months at the Metropolitan Correction Center ("MCC") where he completed roughly 25 additional programs and courses, including: the Forward Focus program, the Step by Step program, FDIC Money Smart Skills 2, Marine Life, Tutor Training, Child Support, American and black history, entrepreneurship, geography, women's studies, public speaking,

2

The Honorable Ronnie Abrams
May 20, 2022

interviewing skills, resume writing, commercial driving license prep, drug abuse, and anger management.  Dkt. No. 275; Dkt No. 250 at 3; Dkt. No. 250-5 at 2-3; Ex. 29 to Dkt. No. 320. Two of his class facilitators from the Forward Focus program wrote a glowing letter of support for Mr. Baez which was submitted at his sentencing; their letter noted Mr. Baez's tremendous motivation and intellectual curiosity, his extreme dedication to his family and his daughter, and his valuable contributions to their class, including the fact that he was the group's first choice to be a speaker at the graduation ceremony. *See* Dkt. No. 250-5.  He also served as a GED tutor to several young men at the MCC, helping them prepare for and pass the test so that they would have better employment prospects after their release.  *See* Dkt. No. 275-6, 275-8, 275-11.  Mr. Baez's supervisor at the MCC, where he worked as an orderly and barber, stated that he did "a great job" and was "very proactive, dependable, work[ed] hard, show[ed] efficiency in each task, [took] on new assignments and follow[ed] through well."  Dkt. No. 275-14. Mr. Baez served his last several months of imprisonment at the Metropolitan Detention Center in Brooklyn where he worked in the cadre unit to support the prison.

      On September 30, 2020, Mr. Baez filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) in light of his health conditions, the COVID-19 pandemic, his extraordinary rehabilitation, and the fact that his original sentence (which was the result of a mandatory minimum) was extraordinarily lengthy compared to that of his codefendants. Dkt. No. 320.

      On November 9, 2020, the Court granted Mr. Baez's motion for a sentence reduction and ordered Mr. Baez to be placed on supervised release with home incarceration until April 26, 2026, the date on which he was expected to complete his custodial sentence.[1]  Dkt. Nos. 335, 343.  On May 5, 2021, Mr. Baez asked the Court to modify the conditions of his release from home incarceration to home detention so that he could accept an offer of employment as a general contractor, for which he took numerous job training classes, so he could help support his wife and young daughter.  Dkt. No. 345.  On July 15, 2021, the Court granted Mr. Baez's motion, changing the terms of his supervised release to impose conditions of home detention and location monitoring. Dkt. No. 366.

---

[1] While we understand that Mr. Baez was originally supposed to be incarcerated until April 2026, under the Earned Time Credit program recently implemented by the BOP, we believe that Mr. Baez would likely have received substantial Earned Time Credit if he was still in BOP custody, given how many classes he took while he was incarcerated and would have continued to take.  As the Department of Justice's Press Release announcing this program states, "The First Step Act of 2018 provides eligible inmates the opportunity to earn 10 to 15 days of time credits for every 30 days of successful participation in Evidence Based Recidivism Reduction Programs and Productive Activities. The earned credits can be applied toward earlier placement in pre-release custody, such as RRCs and HC. In addition, at the BOP Director's discretion, up to 12 months of credit can be applied toward Supervised Release. Inmates are eligible to earn Time Credits retroactively back to Dec. 21, 2018, the date the First Step Act was enacted, subject to BOP's determination of eligibility."  *See* Department of Justice Press Release, *Justice Department Announces New Rule Implementing Federal Time Credits Program Established by the First Step Act*, Jan. 13, 2022, available at https://www.justice.gov/opa/pr/justice-department-announces-new-rule-implementing-federal-time-credits-program-established.

The Honorable Ronnie Abrams
May 20, 2022

### B. Mr. Baez requests a modification of his terms of supervised release so he can obtain a second job and work to pay off his family's debts.

Mr. Baez has now been serving his term of supervised release for over a year and a half, and has been working outside the home under home detention with location monitoring for over 10 months. He has a spotless record of compliance. In fact, given his exemplary record of supervision, in January 2022, the Probation Office removed Mr. Baez's ankle bracelet monitor and now monitors him by periodically pinging his phone. Based on my discussions with Mr. Baez's probation officer, Pierre Reyes, I understand that Probation has not had a single issue with Mr. Baez during his term of supervision. We seek a modification of Mr. Baez's conditions of release, to remove home detention and location monitoring as a special condition, so that Mr. Baez can obtain a second job.

Mr. Baez currently works Monday through Saturday, from approximately 8:00 am to 6:00 pm as a general contractor for LB General Services Inc. and has shined as an outstanding employee. As the attached letter from the owner of LB General Services, Luis Beteta, states, Mr. Baez "goes above and beyond his job duties by taking it upon himself to handle all inbound calls and estimates," he has "been an extreme asset to the company," and he has helped increase the company's revenues "by over 40% since the start of his employment." Exhibit A. Mr. Beteta further writes that an employee like Mr. Baez "is extremely hard to find in this field" and that he trusts Mr. Baez to handle tasks that he does not even give to his more tenured employees. *Id*.

While Mr. Baez earns a good salary at LB General Services, he would like to work a second job, as a tow truck driver and dispatcher for UPTOP Automotive Inc. He has already received an offer of employment from UPTOP. *See* Exhibit B. At this new job, Mr. Baez would work from 7:00 pm until midnight on Thursday, Friday, Saturday and Sunday nights. We understand from Mr. Baez's probation officer that it would be difficult for Mr. Baez to work this second job, four nights a week, under the current terms of his home detention and location monitoring because he would be at work, traveling around as a tow truck driver in the late evenings. Instead, if the terms of Mr. Baez's supervision were amended so that he was no longer under home detention with location monitoring, then his probation officer could review his pay stubs, and periodically check in on him and check in with his employers, to make sure that he was working and complying with all other standard terms of his supervised release.

Mr. Baez seeks this opportunity because he has an incredibly strong work ethic, as he has repeatedly shown, and also because he is eager to provide his family with financial stability. Mr. Baez incurred significant legal expenses to pay an attorney to represent him in his original case, and he is still paying debts to his original lawyer. In addition, Mr. Baez's wife incurred substantial debts during his incarceration, as she was a single mother supporting her young daughter and was not earning enough to cover all of their expenses while he was incarcerated. Mr. Baez would like to work this second job so that he can pay off these prior debts and secure his family's financial future.

4

The Honorable Ronnie Abrams
May 20, 2022

      For these reasons, we respectfully request that the Court modify Mr. Baez's special conditions of supervised release from home detention with location monitoring to regular supervised release with no special conditions, which will enable Mr. Baez to work at a second (night) job. As reflected above, Mr. Baez has fulfilled all conditions of his supervised release, has successfully reintegrated into society, and has built a law-abiding life; we ask the Court to grant this motion to enable Mr. Baez to continue on the path towards success.

      We have consulted with Mr. Baez's probation officer, Pierre Reyes, who has no specific objections or concerns regarding our request, but declines to take a position regarding this motion. We have also consulted with counsel for the Government and they take no position on this motion.

      We thank the Court for its consideration of this matter.

      Respectfully submitted,

      /s/ Fern Mechlowitz

      Fern Mechlowitz
      Kristen Santillo

Application granted.

SO ORDERED.

_____
Hon. Ronnie Abrams
May 26, 2022

# EXHIBIT A

LB General Services INC.
26 Abbott Pl
North Arlington, NJ 07031
(201) 989-5914

May 05, 2022

William Baez
███████████ue
Bronx, NY ████

Dear Mr. Baez,

LB General Services INC. is honored to inform the court that Mr. William Baez has been a general contractor with us. Since expressing his interest in December 2020, he completed various training during his own time, which showed his investment into our company. We were finally happy to have him on the job starting July 2021. He is responsible for various projects in different locations. He has assisted me with increasing our revenues by over 40% since the start of his employment. He goes above and beyond his job duties by taking it upon himself to handle all inbound calls and estimates. Mr. Baez has been an extreme asset to the company and has been punctual and reliable. The quality employee he characterizes himself as is extremely hard to find in this field. I am glad to have given him the opportunity. I have given him my trust to handle many tasks that I do not even let my tenured employees handle.

If you have any questions or concerns regarding this please feel free to contact me directly at (201) 989-5914.

Sincerely,

Luis Beteta

LB General Services Inc.

# EXHIBIT B

UPTOP AUTOMOTIVE INC.
1135 E 222nd Street
Bronx, NY 10469
(917) 569-1394

May 05, 2022

William Baez

Bronx, NY

Dear Mr. Baez,

UPTOP Automotive Inc. is very pleased to inform you that we have extended an offer of employment to you. You will be required to operate a tow truck and dispatch service. You will have to respond to car accidents, lock outs, AAA services, tow requests, flat tire, jump starts, long and short distance tows during the time of your shift.

Your employment with our company is "at-will" which means that either you or the company may terminate the employment at any time, with or without cause or notice. Your employment is for no definite time, regardless of any oral or written statement by any company representative.

Sincerely,


Jonathan Richards

UPTOP AUTOMATIVE INC



