

February 1, 2024

**VIA ECF**
The Honorable Ronnie Abrams, U.S.D.J.
Southern District of New York
Thurgood Marshall, United States Courthouse
40 Foley Square
New York, NY 10007

    Re: *United States v. William Baez,* 17-cr-618 (RA)

Dear Judge Abrams:

    I represent William Baez in the above-captioned matter and write to respectfully ask the Court to terminate Mr. Baez's term of supervised release early pursuant to 18 U.S.C. § 3583(e). Mr. Baez has been on supervised release for over three years, since November 9, 2020, has complied with all conditions of his release without a single infraction, and respectfully requests early termination of his supervised release so that he can more easily travel outside of the jurisdiction for his business. Mr. Baez is the epitome of a rehabilitation success story – he was an exceptional prisoner and has been a model supervisee, working two jobs for years to provide for his family, and even recently opening his own automotive business. In short, and as Probation agrees, there is no further need to keep him on supervision. The Government, though, opposes this motion.

    **A. Background**

    On April 12, 2019, this Court sentenced Mr. Baez to 120 months imprisonment for two non-violent, but serious drug offenses: conspiracy to distribute and possess with intent to distribute a thousand kilograms or more of marijuana, and conspiracy to distribute and possess with intent to distribute five kilograms and more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). *See* Dkt. No. 278. After he had served approximately three years of his sentence, Mr. Baez filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). On November 9, 2020, this Court granted Mr. Baez's motion for a sentence reduction in light of his health conditions, the COVID-19 pandemic, his extraordinary rehabilitation, and the fact that his original sentence (which was the result of a mandatory minimum) was extraordinarily lengthy compared to that of his codefendants; and the Court ordered Mr. Baez to be placed on supervised

2

The Honorable Ronnie Abrams
February 1, 2024

release with home incarceration until April 26, 2026, the date on which he was expected to complete his custodial sentence.[1]  Dkt. Nos. 320, 335, 343.

      As noted in his motion for a sentence reduction, during his incarceration, Mr. Baez was an exemplary inmate.  Not only did he have a spotless disciplinary record, but he never stopped striving to better himself and atone for his past crime. Mr. Baez was imprisoned at USP Canaan Camp, a minimum security facility, where he took every class offered to him, including classes on: drug abuse education, faith, horticulture, mock job fair, interview/resume writing, parenting, Spanish, animal/ dog training, accounting, health and wellness, heart health, cholesterol, chronic conditions, painting, and weather.  *See* Dkt. No. 320-32.  At USP Canaan, he also tutored inmates studying to take the GED, and taught ESL (English as a Second Language) classes. Prior to sentencing, Mr. Baez served approximately 18 months at the Metropolitan Correction Center ("MCC") where he completed roughly 25 additional programs and courses, including: the Forward Focus program, the Step by Step program, FDIC Money Smart Skills 2, Marine Life, Tutor Training, Child Support, American and black history, entrepreneurship, geography, women's studies, public speaking, interviewing skills, resume writing, commercial driving license prep, drug abuse, and anger management.  Dkt. No. 320-31; Dkt. No. 275; Dkt No. 250 at 3; Dkt. No. 250-5 at 2-3.  Two of his class facilitators from the Forward Focus program wrote a glowing letter of support for Mr. Baez which was submitted at his sentencing; their letter noted Mr. Baez's tremendous motivation and intellectual curiosity, his extreme dedication to his family and his daughter, and his valuable contributions to their class, including the fact that he was the group's first choice to be a speaker at the graduation ceremony. *See* Dkt. No. 250-5.  He also served as a GED tutor to several young men at the MCC, helping them prepare for and pass the test so that they would have better employment prospects after their release.  *See* Dkt. No. 275-6, 275-8, 275-11.  Mr. Baez's supervisor at the MCC, where he worked as an orderly and barber, stated that he did "a great job" and was "very proactive, dependable, work[ed] hard, show[ed] efficiency in each task, [took] on new assignments and follow[ed] through well."  Dkt. No. 275-14. Mr. Baez served his last several months of imprisonment at the Metropolitan Detention Center in Brooklyn where he worked in the cadre unit to support the prison.

      After his release from prison, while he was on home incarceration, Mr. Baez hit the ground running to try to gain new skills so that he could obtain a good job and provide for his wife and young daughter.  He enrolled in and completed Fortune Society's Environmental Remediation Program ("ERT"), a competitive, full-time 6-week online training that focuses on hazardous waste removal and management in construction, in addition to completing the Fortune Society's online Job Readiness Training and its OSHA 30-hour Construction Safety and Health Training.

---

[1] While we understand that Mr. Baez was originally supposed to be incarcerated until April 2026, under the Earned Time Credit program that has since been implemented by the BOP, we believe that Mr. Baez would likely have received substantial Earned Time Credit if he was still in BOP custody, given how many classes he took while he was incarcerated and would have continued to take had he remained incarcerated.  Mr. Baez could have earned "10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities," with a potential to earn an additional 5 days of time credits for every 30 days of such programming based on the BOP's assessment of his recidivism risk. 18 U.S.C. § 3632(d)(4)(A)(i)-(ii).

The Honorable Ronnie Abrams
February 1, 2024

On May 5, 2021, Mr. Baez asked the Court to modify the conditions of his release from home incarceration to home detention so that he could accept the offer of employment as a general contractor with LB General Services Inc. ("LB General"), for which he took numerous job training classes, so he could help support his family. Dkt. No. 345. On July 15, 2021, the Court granted Mr. Baez's motion, changing the terms of his supervised release to impose conditions of home detention and location monitoring. Dkt. No. 366.

A year later, on May 20, 2022, Mr. Baez again asked the Court to modify the conditions of his supervised release to remove home detention and location monitoring as special conditions, so that he could work a second job at UPTOP Automotive Inc., in addition to his position at LB General. Dkt. No. 403. The Court granted Mr. Baez's motion on May 26, 2022. Dkt. No. 404.

Mr. Baez has now worked as a general contractor at LB General for two and a half years. As the owner of LB General, Luis Beteta, writes in his letter of support for Mr. Baez, Mr. Baez "has been a tremendous asset" to the business, his "leadership and communication skills have led him to establish exceptional rapport with clients", his "work is a depiction of true commitment," and his exceptional contributions to the business have helped it grow. Exhibit A. Similarly, Mr. Baez's former supervisor, Jonathan Richards, at UPTOP Automotive, where Mr. Baez worked for over a year, writes in his letter that Mr. Baez has an excellent "work ethic", he "is known for going above and beyond expectations, exhibiting reliability and dependability", and that he was "quick to volunteer to assist in other areas of the company operations" when he worked there. Exhibit B.

More recently, in July 2023, Mr. Baez used the money that he had worked so hard to earn while working two jobs, and he purchased an auto body business, Trill Automotive. Mr. Baez has worked hard to make his new business a success and it is paying off. In addition, he still works for LB General Services on a part-time basis, mostly on weekends.

As with all of his previous requests for modification of the conditions of his release, Mr. Baez seeks early termination of supervised release now to further allow him to pursue a legitimate career path in which, by all accounts, he is thriving. Mr. Baez seeks to grow his new business, and to do that, he needs more freedom to travel than he currently has on supervised release. Mr. Baez seeks the opportunity to travel to potential suppliers to purchase equipment, and to potential customers, who are located in the tri-state area. Currently, he must obtain permission from Probation to travel out of state, which must be done weeks in advance. Since his conditions of supervised release limit the flexibility he needs to grow his business and he is eager to ensure that his business succeeds, he seeks early termination of supervised release now.

### B. Early Termination of Supervised Release is Appropriate Here

After considering the § 3553(a) factors, "[t]he court may terminate a term of supervised release ... at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice" 18 U.S.C. § 3583(e). We submit that early termination of Mr. Baez's supervised release is in the interests of

The Honorable Ronnie Abrams
February 1, 2024

justice and is warranted here by Mr. Baez's exemplary conduct since his conviction and his need to travel outside of the jurisdiction for his new business.

Mr. Baez has repeatedly demonstrated, not only that he is committed to rehabilitation, but that he is rehabilitated. Mr. Baez was a model prisoner during his incarceration, serving as a GED tutor, teaching ESL classes to fellow inmates and taking every class available to him. Since his release, he has been a model supervisee. first by taking courses that would enable him to obtain a good job, then by securing employment, and finally by excelling not only with one, but with two, separate employers. Each time the Court has relaxed Mr. Baez's conditions of release, he has maximized the opportunity. Now, he has purchased his own automotive business and is working hard to make it a success. Early termination of supervised release is warranted here, given Mr. Baez's exemplary rehabilitation. *See United States v. Filocomo*, No. 02CR30731S16NGG, 2022 WL 118735, at *2 (E.D.N.Y. Jan. 12, 2022) (granting early termination, over government objection, where defendant "demonstrated a commitment to his education and growth" by completing a plethora of courses while incarcerated," and "found meaningful ways to serve his community while in detention and during the period of supervised release that he has served so far"); *United States v. Rentas*, 573 F. Supp. 2d 801, 802 (S.D.N.Y. 2008) (granting early termination of supervision where defendant maintained steady employment and complied with all conditions of release).

Early termination is further warranted because his current conditions of supervision are impeding his employment opportunities. Courts regularly recognize that the pursuit of lawful employment opportunities provides good cause for early termination of supervised release. *See, e.g., United States v. Bennett*, No. 11-CR-424 (AMD), 2021 WL 4798827, at *1 (E.D.N.Y. Oct. 14, 2021) (granting early termination where defendant secured promotion that would require him to travel out of state as needed); *United States v. Harris*, 689 F. Supp. 2d 692, 696 (S.D.N.Y. 2010) (granting early termination where defendant's inability to travel out of the jurisdiction with minimal notice hampered his ability to effectively do his job).

Further, Mr. Baez poses no safety risk, he has already served a substantial term of supervised release (over three years), and he has demonstrated that he is fully rehabilitated. *See United States v. Erskine*, No. 05 CR. 1234 (DC), 2021 WL 861270, at *1 (S.D.N.Y. Mar. 8, 2021) ("The § 3553(a) factors require [courts] 'to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency,'" when evaluating a motion for early termination of supervised release).

Given that "[s]upervised release is not, fundamentally, part of the punishment; rather, its focus is rehabilitation," there is no longer any need for a fully rehabilitated individual such as Mr. Baez to remain on supervised release. *Erskine*, 2021 WL 861270, at *2 (granting early termination of supervised release where defendant was "not only fully compliant with the terms of his supervision but also has taken considerable strides in reintegrating into his community through employment and service to his family"); *United States v. Hutchinson*, No. 97-CR-1146, 2021 WL 6122745, at *1 (E.D.N.Y. Dec. 28, 2021) (noting that that "the primary goal of such a term is to ease the defendant's transition into the community after the service of a long prison term," and granting early termination based on defendant's good conduct and successful

5

The Honorable Ronnie Abrams
February 1, 2024

reintegration into society). Indeed, even the Sentencing Guidelines encourage courts to terminate an individual's supervised release early in appropriate cases. *See* U.S.S.G. § 5D1.2, App. Note 5 ("The court has authority to terminate … a term of supervised release…. The court is encouraged to exercise this authority in appropriate cases.").

As noted above, we have conferred with Mr. Baez's Probation Officer, Brittany Valentine, who has stated that Probation has no objection to our application. We have also conferred with counsel for the Government who oppose our request.

Thank you for your consideration of this matter.

Respectfully submitted,

/s/ Fern Mechlowitz

Fern Mechlowitz
Kristen Santillo

Application granted. For the reasons outlined herein, the Court is satisfied that terminating Mr. Baez's supervised release is consistent with the relevant factors set forth in 18 U.S.C. 3553(a), such action is warranted by the conduct of the defendant and that it is in the interest of justice. 18 U.S.C. § 3583(e).

SO ORDERED.

_____
Ronnie Abrams, U.S.D.J.
February 5, 2024

# EXHIBIT A

LB General Services, Inc.

26 Abbott Pl

North Arlington, NJ 07031

(201) 989-5914

January 8, 2024

William Baez

███████████

Bronx, NY 10465

To Whom It May Concern:

LB General Services, Inc. is honored to inform the court that Mr. William Baez has been a general contractor with us for over 2 years. Mr. Baez has been a tremendous asset to our team. Mr. Baez's leadership and communication skills have led him to establish exceptional rapport with clients. Since working with us, Mr. Baez has had an impact on the rise in clientele and revenues.

Mr. Baez's work is a depiction of true commitment. He is devoted to providing the utmost customer service by meeting clients' needs and expectations. Mr. Baez effectively develops and delivers estimates to clients to ensure they understand costs and requirements of projects at hand. He has been responsible for various projects in different locations. Mr. Baez can be characterized as trustworthy and dependable.

Mr. Baez's contribution continues to influence the company's growth. I value the role he serves on our team and can attest to his skillset. If you have any questions or

concerns regarding Mr. Baez's work ethic and character, please feel free to contact me directly at (201) 989- 5914.

Sincerely,


Luis Beteta

LB General Services, Inc.

Case 1:17-cr-00618-RA Document 433-2 Filed 02/25/24 Page 9 of 10

# EXHIBIT B

UPTOP AUTOMOTIVE INC.
1135 E 222nd Street
Bronx, NY 10469
(917) 569-1394

January 5, 2024

William Baez

Bronx, NY 10465

To Whom It May Concern:

UPTOP Automotive, Inc. is very pleased to inform the court that we had the pleasure of working with Mr. Baez for over a year. During his employment, Mr. Baez responded to car accidents, lock outs, AAA services, tow requests, flat tire, jump starts, long and short distance tows. His excellent communication skills allowed him to connect with various people in the business.

During the time that I worked with Mr. Baez, I developed an enduring respect for his work ethic. He was quick to volunteer to assist in other areas of the company operations. Mr. Baez is known for going above and beyond expectations, exhibiting reliability and dependability.

Mr. Baez is an ambitious, dedicated go-getter. During his employment with Uptop Automotive, he learned the ins and outs of the automotive industry, allowing him the opportunity to start his own business. It has been a pleasure to witness his professional development and accomplishment. Please feel free to contact me at (917) 569-1384 if you have any questions or need further information.

Sincerely,

Jonathan Richards
UPTOP AUTOMOTIVE, INC.